11-761-ag
Lin v. Holder

BIA
Morace, IJ
A094 934 263

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of March, two thousand twelve.

PRESENT:
ROBERT A. KATZMANN,
BARRINGTON D. PARKER,
*Circuit Judges.*[1]

_____

GUANG ZE LIN, AKA GUANGZHI LIN,
*Petitioner*,

v.                                          11-761-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent*.

_____

FOR PETITIONER:        Lewis G. Hu, New York, N.Y.

_____

[1] The Honorable Roger J. Miner, originally a member of the panel, died on February 18, 2012. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Michael P. Lindemann,
                       Assistant Director; Aaron R. Petty,
                       Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Guang Ze Lin, a native and citizen of China, seeks review of a February 2, 2011, order of the BIA affirming the January 20, 2009, decision of Immigration Judge ("IJ") Philip L. Morace denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guang Ze Lin*, No. A094 934 263 (B.I.A. Feb. 2, 2011), *aff'g* No. A094 934 263 (Immigr. Ct. N.Y. City Jan. 20, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8

2

U.S.C. § 1252(b)(4)(B)(2006); *Yanqin Weng v. Holder*, 562
F.3d 510, 513 (2d Cir. 2009).

Lin challenges the agency's adverse credibility
determination, arguing that he was credible regarding his
past harm arising from his practice of Christianity.  For
asylum applications, such as this one, governed by the REAL
ID Act, the agency may, considering the totality of the
circumstances, base a credibility finding on an asylum
applicant's "demeanor, candor, or responsiveness," and
inconsistencies in his or her statements, without regard to
whether they go "to the heart of the applicant's claim."
8 U.S.C. § 1158(b)(1)(B)(iii)(2006).  In this case,
inconsistencies and omissions in Lin's statements support
the agency's adverse credibility determination.  *See Xiu Xia
Lin v. Mukasey*, 534 F.3d 162, 166 (2d Cir. 2008)(per curiam)
(providing that, for purposes of analyzing a credibility
determination, "[a]n inconsistency and an omission are . . .
functionally equivalent").

As the IJ found, Lin did not mention any past
mistreatment as a Christian during his March 2007 credible
fear interview.  Indeed, during that interview he stated
that he was a Buddhist.  The IJ reasonably rejected Lin's

3

explanation that he described himself as a Buddhist as he had not been baptized at the time of that interview, because in his asylum application, he stated that he became a Christian in December 2005. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (emphasis in original; internal quotation marks omitted)). Additionally, as the IJ noted, while Lin testified that after he was released from detention government officials searched his house for Bibles, he did not mention that event in his affidavit in support of his asylum application. Together, the omissions and inconsistencies in Lin's statements provide substantial evidence for the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii)(2006).

Lin's argument that the IJ improperly speculated about the plausibility of his November 2006 arrest on rape charges and subsequent escape in making the adverse credibility determination is misplaced as the IJ, in fact, found that Lin's testimony about the November 2006 events was credible.

4

Lin does not otherwise challenge the agency's denial of relief based on his allegations of persecution stemming from the false charges.

Because Lin's claims for asylum, withholding of removal, and CAT relief based on his practice of Christianity all rely on the same factual predicate, the agency's adverse credibility determination forecloses all relief. *See Paul v. Gonzales*, 444 F.3d 148, 155-56 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5